UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

BILLY DEE WILLIAMS,

    Plaintiff,

    v.                          Case No. 03-C-0586

M. WILKINSON, FALK,
Officers of Kenosha Police Department,

    Defendants.

ORDER DENYING PLAINTIFF WILLIAMS' REQUEST FOR RECONSIDERATION AND HIS REQUEST FOR APPOINTMENT OF COUNSEL

        The court has considered PLAINTIFF WILLIAMS' REQUEST FOR RECONSIDERATION AND HIS REQUEST FOR APPOINTMENT OF COUNSEL, filed May 10, 2005.  In doing so, the court has reviewed the docket, the case file and the court reporter's notes of the telephonic scheduling conference held on October 7, 2003.  They reveal that the plaintiff filed this pro se complaint in the Kenosha County Circuit Court on June 16, 2003, alleging that the defendants violated his civil rights contrary to 42 U.S.C. §1983 by using excessive force during his arrest on or about April 21, 2001.  The defendants removed the action to this court which conducted the previously mentioned scheduling conference.  During the conference, the court considered the plaintiff's motion for appointment of counsel.  The court advised the plaintiff that he must ask at least three lawyers to represent him and that if none agree to handle his

case, he should provide the court with the names of the attorneys he contacted. More than nineteen months have passed and the plaintiff has failed to provide any information showing what he has done to get an attorney. Also, the defendants filed their initial summary judgment motion on August 16, 2004. Attorney Kevin P. Reak's letter, which accompanied that filing, indicates that the plaintiff received a copy of the defendants' motion and related documents.

The court denied that motion however, on December 29, 2004, because the defendants failed to comply with Civil Local Rule 56.1 (E.D. Wis.) which requires pro se plaintiffs to be furnished with copies of Civil Local Rules 56.1, 56.2 and 7.1 that explain the steps a plaintiff must take to avoid summary judgment dismissing all or part of their claims. A copy of this decision was sent to the plaintiff as well as the defendants' renewed Motion For Summary Judgment, filed January 3, 2005. Thereafter, the court wrote to the plaintiff on April 5, 2005, advising that its records indicate that he should have responded to the Renewed Summary Judgment Motion by February 7, 2005, but had failed to do so, even though he had been served properly with and had been given the copies of the relevant court rules. Nevertheless, the court gave the plaintiff until May 4, 2005, to respond to the Renewed Summary Judgment Motion. Now, more than one month later, and after the extended deadline for filing a response to the defendants' motion, the plaintiff is claiming that he is unable to represent himself and is asking again that the court appoint counsel to represent him.

2

As this court has explained to the plaintiff previously, indigent civil litigants have no absolute constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992); *McKeever v. Israel*, 689 F.2d 1315, 1318 (7th Cir. 1982). Nevertheless, this court may request, but not compel (*see Mallard v. United States District Court*, 490 U.S. 296 [1989]), an attorney to represent an indigent civil litigant pursuant to Title 28, United States Code, § 1915(e)(1). *Jackson*, 953 F.2d at 1071*; McKeever*, 689 F.2d at 1318. However, this court has no access to funds to compensate attorneys for such representation. Therefore, this court appoints counsel under § 1915(e)(1) only in the rare case where the failure to appoint counsel would be so fundamentally unfair that the plaintiff's due process rights would be violated. *McNeil v. Lowney*, 831 F.2d 1368, 1371 (7th Cir. 1987).

The threshold requirement for appointment of counsel under § 1915(e)(1) is whether a plaintiff has made a reasonable, but unsuccessful, effort to retain counsel, or whether the plaintiff was effectively precluded from making such efforts. *Jackson*, 953 F.2d at 1073. However, if a plaintiff has made no effort to secure counsel, the motion must be denied outright. *Id.*

After this requirement is met, the court, in exercising its discretion with regard to plaintiff's request, must address the following question: Given the difficulty of the case, does this plaintiff appear to be competent to try the case and, if not, would the

3

presence of counsel likely make a difference in the outcome of the case. *See Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).

Here, it is apparent that the plaintiff has not followed the court's instructions regarding what he must do to have counsel appointed. Moreover, this is not a complicated case in which the plaintiff must have counsel to prepare and file a response to the defendants' motion. Therefore, the court finds no basis for granting the plaintiff's request and will proceed to decide the defendants' Renewed Motion for Summary Judgment in a separate decision. Accordingly,

IT IS ORDERED that PLAINTIFF WILLIAMS' REQUEST FOR RECONSIDERATION AND HIS REQUEST FOR APPOINTMENT OF COUNSEL is denied.

Dated at Milwaukee, Wisconsin, this 17th day of May, 2005.

                                            BY THE COURT

                                            s/ C. N. Clevert, Jr.
                                            C. N. CLEVERT, JR.
                                            U. S. District Judge